IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL CALVIN ALLEN, # 265955, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-296-ECM-SMD |
| | )              (WO) |
| MARY B. WINDOM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Samuel Calvin Allen, a state inmate at the Camden Work Release Center in Camden, Alabama, initiated this action by filing a petition for writ of habeas corpus challenging the constitutionality of the sentence imposed by the Circuit Court of Tuscaloosa County in 2012 upon his conviction for manufacturing controlled substances. (Doc. 1.) For the reasons discussed below, this Court finds that Allen's habeas petition should be transferred to the United States District Court for the Northern District of Alabama.

### II.  DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). By this statute, petitions for writ of habeas corpus must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Allen is incarcerated at the Camden Work Release Center, a facility not within this court's jurisdiction. Instead, that facility is in Wilcox County, Alabama, within the jurisdiction of the United States District Court for the Southern District of Alabama. *See* 28 U.S.C. § 81. The state sentence Allen challenges was entered by the Circuit Court of Tuscaloosa County, Alabama. Tuscaloosa County is within the jurisdiction of the United States District Court for the Northern District of Alabama. *Id*. Plainly, this Court, which sits in the Middle District of Alabama, lacks jurisdiction over Allen's habeas petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. The matters complained of by Allen stem from his sentence entered by the Circuit Court of Tuscaloosa County. The records and witnesses relating to these matters are likely to be located in Tuscaloosa County. Thus, this Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d) and 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **June 18, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of June, 2024.

    /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE